Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JOSÉ CORCHADO JUARBE <br><br> Recurrido <br><br> v. <br><br> **LUIS ORLANDO VALE CABÁN, Y SU ESPOSA NANCY IVETTE ZAPATA QUIÑONES Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS**; CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO <br><br> Peticionarios | KLCE202401352 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Isabela <br><br> Civil núm.: IS2024CV00075 (602) <br><br> Sobre: Ejecución de Hipoteca *IN REM* |
|---|---|---|

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de febrero de 2025.

Comparece ante este tribunal apelativo, el Sr. Luis Orlando Vale Cabán, la Sra. Nancy Ivette Zapata Quiñones y la Sociedad Legal de Gananciales compuesta por ambos (matrimonio Vale-Zapata o parte peticionaria) mediante la *Petición de Certiorari* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI), el 1 de octubre de 2024, notificada el 3 de octubre siguiente. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la solicitud de desestimación instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari* solicitado.

**I.**

El 22 de marzo de 2024, el Sr. José Corchado Juarbe (señor Corchado Juarbe o el recurrido) presentó una demanda sobre ejecución de hipoteca *in rem* en contra del matrimonio Vale-Zapata y la Corporación del Fondo del Seguro del Estado (CFSE).[1] En esta, se indicó que la parte peticionaria suscribió un Pagaré Hipotecario por $38,500, el 6 de junio de 2001 con vencimiento el 6 de mayo de 2002. Este pagaré está garantizado con la hipoteca constituida mediante la Escritura Núm. 28 sobre Hipoteca en Garantía de Pagaré otorgada en la misma fecha y grava una finca ubicada en el Barrio Mora del municipio de Isabela. Asimismo, se adujo que la hipoteca se encuentra inscrita en el Registro de la Propiedad de Aguadilla.

Por otra parte, se alegó en la demanda que la parte peticionaria recibió un descargo (*discharge*) en el caso de Quiebras núm. 04-02989, por lo que la deuda no puede ser reclamada *in personam*.[2]

El 3 de julio de 2024, el matrimonio Vale-Zapata presentó una *Moción de Desestimación por la Doctrina de Cosa Juzgada* en la que arguyó que el recurrido, en su demanda, obvió mencionar la existencia de una sentencia anterior de cobro de dinero en el caso A1CI200600327 en la que se denegó la ejecución de la hipoteca.[3] Por lo cual, argumentó que ya existe un dictamen final, firme e inapelable donde se atendió la misma causa de acción. Por lo que, la demanda aquí instada debe ser desestimada por constituir cosa juzgada.

El recurrido incoó la correspondiente oposición en la que aclaró que no existe identidad de los sujetos, ya que este caso está

---

[1] En la demanda se establece que se acumula este parte por existir tres embargos a su favor. Véase, Apéndice del Recurso, a la pág. 013.
[2] Surge de los documentos que obran en los autos que el descargo fue emitido por la Corte de Quiebras el 10 de diciembre de 2008.
[3] Véase, Apéndice del Recurso, a la pág. 042.

dirigido contra la propiedad y la CFSE, y el anterior fue instado en contra del matrimonio Vale-Zapata solo como titulares del inmueble.[4] Aceptó, además, que la Sentencia del caso A1CI200600327 fue dictada exclusivamente en cobro de dinero porque no se logró probar que la hipoteca estuviese inscrita. Así pues, advirtió que no hay impedimento alguno para instar esta demanda con la que se intenta hacer efectivo un gravamen sobre la propiedad (ejecución de la hipoteca), y por ello, resulta inaplicable la doctrina de cosa juzgada.

Así las cosas, el 1 de octubre de 2024, notificada el 3 de octubre siguiente, el TPI emitió la *Resolución* recurrida declarando *No Ha Lugar* a la solicitud de desestimación instada por la parte peticionaria. El foro primario razonó que:[5]

> En primer término, salta a la vista que en el caso de autos se acumuló a la Corporación del Fondo del Seguro del Estado por lo que no hay identidad en las personas. En cuanto a las causas, se impone concluir que la sentencia tiene una causa de acción y la demanda actual otra. Somos de opinión que en consideración a que no hay identidad de partes, y al hecho de que la sentencia anterior fue en cobro de dinero y en este caso lo que se persigue es una acción IN REM, no procede la aplicación de la doctrina de cosa juzgada.

Inconforme, el matrimonio Vale-Zapata presentó una reconsideración en la que, en esencia, reafirmó que *Dictada la Sentencia Previa la cual es final y firme, en cobro de dinero únicamente, desapareció para siempre la posibilidad de llevar de manera separada la acción real o in rem de la ejecución de hipoteca. Es decir, existe una imposibilidad jurídica de validar la demanda de epígrafe.*[6] Las partes presentaron escritos adicionales en respuesta (réplica y dúplica). Mediante la *Resolución* del 15 de noviembre de 2024, notificada ese mismo día, el foro primario denegó el petitorio.

---

[4] *Íd.*, a la pág. 069.
[5] *Íd.*, a las págs. 139-140.
[6] *Íd.*, a la pág. 150.

Todavía en desacuerdo, la parte peticionaria acude ante esta *Curia* imputándole al TPI haber incurrido en el siguiente error:

> ERRÓ EL TPI AL DENEGAR LA DESESTIMACIÓN DE LA DEMANDA AL CONCLUIR QUE "NO PROCEDE LA APLICACIÓJN DE LA DOCTRINA DE COSA JUZGADA".

El 19 de diciembre de 2024, dictamos una *Resolución* concediendo hasta el 17 de enero de 2025 a la parte recurrida para expresarse. El 27 de enero de 2025[7] se cumplió con lo ordenado, por lo que nos damos por cumplidos; y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla <u>limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari.*</u>

Por tanto, el asunto que se nos plantee en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, <u>denegatoria de</u>

---

[7] Se le concedió la prórroga solicitada.

una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para determinar si debemos expedir un auto de *certiorari* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Sin embargo, aun cuando el asunto esté contemplado por dicha regla para determinar si procede la expedición de un recurso, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no

procede nuestra intervención. Así, pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

### III.

En el presente caso, si bien el asunto planteado es uno de los contemplados en la Regla 52.1, *supra*, ya que el recurso fue instado para revisar una denegatoria de una moción de carácter dispositivo, analizado este al palio de la Regla 40, *supra*, resolvemos que no se encuentran presentes ninguno de los criterios allí enumerados. De una lectura del recurso no surge razón alguna por la cual debamos intervenir con la *Resolución* recurrida mediante la cual el Tribunal de Primera Instancia determinó que no procedía la aplicación de la doctrina de cosa juzgada al caso de epígrafe.

### IV.

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones